GEORGE H. LURKE AND HERMIA M. LURKE, BY THEIR NEXT FRIEND, GEORGE T. LURKE, AND GEORGE T. LURKE, INDIVIDUALLY, PLAINTIFFS-RESPONDENTS, v. JOHN HAGEDORN, DEFENDANT-PROSECUTOR.

Submitted October term, 1931—Decided February 19, 1932.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and CASE.

For the plaintiffs-respondents, *Durand, Ivins & Carton* (*James D. Carton,* of counsel).

For the defendant-prosecutor, *McDermott & Finegold* (*Max Finegold,* on the brief).

PER CURIAM.

The defendant, Hagedorn, prosecutes his rule to show cause why the verdict should not be set aside and a new trial granted for the single reason that the verdict is contrary to the weight of the evidence. The argument is made in two parts, first, that the defendant was not negligent and, second, that the plaintiff George H. Lurke was guilty of contributory negligence. The action arises out of a collision between the automobile of the plaintiff George T. Lurke, driven by his son, George H. Lurke, and carrying Hermia M. Lurke and others as passengers, and an automobile driven by the defendant, Hagedorn, on a state highway between Freehold and Hightstown on the night of March 2d, 1930. Different portions of the testimony were divergent to the

point of being in direct contradiction. There was evidence which, if believed, was sufficient to prove that the Lurke car was proceeding at a lawful rate of speed along its proper side of the highway when the car driven by the defendant, approaching rapidly from the opposite direction, suddenly and without warning swerved from its course and smashed into the other car. Evidently the jury, as it had a right to do, believed that testimony. We are unable to say that the testimony in contradiction thereof was of such weight or greater credibility as to justify the setting aside of the jury verdict. This is true both as to the question of direct negligence of the defendant, and of the contributory negligence of the plaintiff George H. Lurke.

The rule to show cause will be discharged, with costs.